**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joshua Matthew Preston,<br><br>    Plaintiff,<br><br>vs.<br><br>United States Securities and Exchange Commission,<br><br>    Defendant. | No. CV-24-03396-PHX-SPL<br><br>**ORDER** |

Before the Court is Defendant United States Securities and Exchange Commission's ("Defendant," "Commission," or "SEC") Motion to Dismiss (Doc. 21), Plaintiff Joshua Matthew Preston's Response (Doc. 23), and Defendant's Reply (Doc. 24). The Court now rules as follows.

**I. BACKGROUND**

This suit arises out of a dispute between Plaintiff and his employer, brokerage firm J.P. Morgan Securities LLC ("J.P. Morgan"), about his outside business activities. Plaintiff works as a General Securities Representative registered under the Financial Industry Regulatory Authority ("FINRA") and is also a geopolitics aficionado. (Doc. 1 at 3, 8–11). Defendant is a federal executive agency that reviews, approves, and enforces FINRA rules and other federal securities laws that registered brokerage firms ("members") and their representatives must comply with. (*Id.* at 3–4).

Under FINRA Rule 3270, which was adopted by the Commission on August 31, 2010, a registered person is prohibited from holding a position or being compensated "as a

result of any business activity outside the scope of the relationship with his or her member firm, unless he or she has provided prior written notice to the member." 75 Fed. Reg. 53362, 53362–63 (Aug. 31, 2010). FINRA Rule 3270.01 imposes several obligations on members upon receipt of written notice regarding outside business activities, including record-keeping requirements and mandatory evaluations about the outside business activity's impact on the member's business and registered person's responsibilities.

On January 14, 2021, Plaintiff submitted a written notice to his employer about outside business activity—specifically, his plans to build an online publication centered on geopolitical content—which was approved on the condition that Plaintiff took steps to ensure the website could not be tied to the brokerage firm. (Doc. 1 at 6–7). Plaintiff subsequently began to develop his publication, *Geopolitical Affairs*, and created a business entity, The Geopolitical Review LLC, on June 18, 2021, of which he was the sole member. (*Id.* at 7). On April 1, 2024, Plaintiff submitted a new request for approval of his outside business activities with his employer, in compliance with reporting requirements, which was subsequently approved. (*Id.* at 11). Plaintiff officially launched the *Geopolitical Affairs* website on August 13, 2024. (*Id.*).

On September 16, 2024, Plaintiff began a new role within J.P. Morgan as a National Client Banker, and on September 19, 2024, he submitted a third request for his outside business activities to clarify the name of his business. (*Id.* at 12). On October 16, 2024, Plaintiff's request was denied. (Doc. 1 at 12). J.P. Morgan representatives instructed him to shut down the website, and he subsequently received a note informing him that failure to comply with the directive to cease his outside business activities could result in termination of his employment. (*Id.* at 13). That same day, Plaintiff filed a "Dispute or Appeal Assistance Case" with Human Resources. (*Id.*).

On October 18, 2024, Plaintiff shut down his website. (*Id.* at 14). In the following weeks, Plaintiff reached out to J.P. Morgan's Outside Business Activities email requesting clarity on the decision and reasons for denial, and met with Human Resources. (*Id.* at 15–19). These efforts were to no avail, as the firm continued to deny Plaintiff approval to

operate his online geopolitical publication.

On December 2, 2024, Plaintiff filed this suit against Defendant because J.P. Morgan "acted within the scope of Rule 3270 under the broad delegation of authority" allegedly provided by the Securities and Exchange Commission in approving the FINRA Rule. (*Id.* at 19–20). Plaintiff raises claims that Defendant violated his First Amendment speech rights, his Fifth Amendment due process rights, the Administrative Procedure Act, and the ultra vires doctrine. (Doc. 1). Additionally, Plaintiff brings 13 civil tort claims against Defendant. (*Id.* at 49). On March 26, 2025, Defendant filed the present Motion to Dismiss. (Doc. 21).

## II.     LEGAL STANDARD

Rule 12(b)(1) "allows litigants to seek the dismissal of an action from federal court for lack of subject matter jurisdiction." *Kinlichee v. United States*, 929 F. Supp. 2d 951, 954 (D. Ariz. 2013) (quotation omitted). "Allegations raised under Rule 12(b)(1) should be addressed before other reasons for dismissal because if the complaint is dismissed for lack of subject matter jurisdiction, other defenses raised become moot." *Id.* at 954. "A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may attack either the allegations of the complaint as insufficient to confer upon the court subject matter jurisdiction, or the existence of subject matter jurisdiction in fact." *Renteria v. United States*, 452 F. Supp. 2d 910, 919 (D. Ariz. 2006); *see also Edison v. United States*, 822 F.3d 510, 517 (9th Cir. 2016). "When the motion to dismiss attacks the allegations of the complaint as insufficient to confer subject matter jurisdiction, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Renteria*, 452 F. Supp. 2d at 919. "When the motion to dismiss is a factual attack on subject matter jurisdiction, however, no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the existence of subject matter jurisdiction in fact." *Id*. "A plaintiff has the burden of proving that jurisdiction does in fact exist." *Id*.

"To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must

meet the requirements of Rule 8." *Jones v. Mohave Cnty.*, No. CV 11-8093-PCT-JAT, 2012 WL 79882, at *1 (D. Ariz. Jan. 11, 2012); *see also Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 203 (5th Cir. 2016) (Rule 12(b)(6) provides "the one and only method for testing" whether pleading standards set by Rule 8 and 9 have been met); *Hefferman v. Bass*, 467 F.3d 596, 599–600 (7th Cir. 2006) (Rule 12(b)(6) "does not stand alone," but implicates Rules 8 and 9). Rule 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A court may dismiss a complaint for failure to state a claim under Rule 12(b)(6) for two reasons: (1) lack of a cognizable legal theory, or (2) insufficient facts alleged under a cognizable legal theory. *In re Sorrento Therapeutics, Inc. Secs. Litig.*, 97 F.4th 634, 641 (9th Cir. 2024) (citation omitted). A claim is facially plausible when it contains "factual content that allows the court to draw the reasonable inference" that the moving party is liable. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Factual allegations in the complaint should be assumed true, and a court should then "determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. Facts should be viewed "in the light most favorable to the non-moving party." *Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1019 (9th Cir. 2013). "Nonetheless, the Court does not have to accept as true a legal conclusion couched as a factual allegation." *Jones*, 2012 WL 79882, at *1 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

**III.   DISCUSSION**

Defendant argues that dismissal of Plaintiff's Complaint is warranted for several reasons: (1) the Court lacks jurisdiction as Plaintiff seeks to challenge the SEC's order in the wrong court and well past the 60-day deadline imposed by 15 U.S.C. § 78y(a)(1); (2) Plaintiff's alleged injury was caused by J.P. Morgan, not the SEC; (3) Plaintiff does not identify an applicable waiver of sovereign immunity for his tort claims and has not exhausted his administrative remedies; and (4) even if the Court had jurisdiction and the Commission had waived immunity, Plaintiff's claims fail on the merits with respect to his challenge of FINRA Rule 3270. (Doc. 21 at 2–3).

### a. District Court Jurisdiction

As emphasized in Plaintiff's Response, Plaintiff's suit seeks to challenge the SEC's creation and approval of FINRA Rule 3270. (Doc. 23 at 1). Under 15 U.S.C. § 78y(a)(1), a person aggrieved by a final order of the Commission may seek review in the appropriate U.S. Court of Appeals within 60 days after entry of the order. An appropriate Court of Appeals includes "the circuit in which he resides or has his principal place of business, or for the District of Columbia Circuit." 15 U.S.C. § 78y(a)(1).

Plaintiff challenges the Commission's approval of FINRA Rule 3270, which occurred on August 31, 2010. (Doc. 1 at 5); 75 Fed. Reg. 53362, 53362–63 (Aug. 31, 2010). Plaintiff did not file this action until several years later, but he argues that the 60-day deadline imposed by § 78y(a)(1) is inapplicable as he "brought this suit promptly after his injury occurred." (Doc. 23 at 5). The statute is clear that a review of an order must be brought "within sixty days *after entry of the order*," not after an injury from such order is incurred. 15 U.S.C. § 78y(a)(1) (emphasis added). Moreover, this Court is doubtful that § 78y(a)(1)'s filing deadline is subject to equitable tolling. *See* Fed. R. App. P. 26(b)(2) (appellate court may not extend to the file to file "a notice of appeal from or a petition to enjoin, set aside, suspend, modify, enforce, or otherwise review an order of an administrative agency, board, commission, or officer of the United States, unless specifically authorized by law."); *Young v. Sec. & Exch. Comm'n*, 956 F.3d 650, 655 (D.C. Cir. 2020) (declining to resolve whether § 78y(a)(1) is jurisdictional and thus cannot be equitably tolled or a mandatory or non-mandatory claims-processing deadline subject to tolling); *Kern v. Sec. & Exch. Comm'n*, 724 Fed. Appx. 687 (10th Cir. 2018) (finding it was prohibited from extending the 60-day deadline for review of an SEC order).

However, even if it were clear that the 60-day deadline could be equitably tolled, this Court lacks jurisdiction to do so. As noted above, a challenge to a final order of the Commission must be brought in the appropriate federal Court of Appeals. *See Public Utility Comm'r of Or. v. Bonneville Power Admin.*, 767 F.2d 622, 626 (9th Cir. 1985) ("[W]here a statute commits review of final agency action to the court of appeals, any suit

seeking relief that might affect the court's future jurisdiction is subject to its exclusive review."); *Raymond J. Lucia Cos., Inc. v. U.S. Sec. & Exch. Comm'n*, 18-CV-2692 DMS (JLB), 2019 WL 3997332, at *3 (S.D. Cal. Aug. 21, 2019) (dismissing case due to lack of jurisdiction to review final Commission orders, because parties must seek judicial review in a federal court of appeals); *Pierce v. S.E.C.*, 737 F. Supp. 2d 1068, 1072 (N.D. Cal. 2010) ("The federal securities laws provide that judicial review of SEC orders is vested in the Court of Appeals.").

The Supreme Court has held that in limited circumstances, a district court may review challenges to agency actions despite the Exchange Act's review scheme where (1) a claim cannot receive meaningful judicial review through the Exchange Act, (2) the claim is collateral to any decisions the Commission could make in individual enforcement proceedings; and (3) the claim falls outside of the Commission's expertise. *See Axon Enter., Inc. v. Fed. Trade Comm'n*, 598 U.S. 175, 195 (2023) (allowing district court review over a challenge to the structure of the FTC and SEC's administrative proceedings where the statutory review scheme prohibited district court review of agency orders and rules, not challenges to the structure or existence of the agencies). However, the kind of structural injury contemplated in *Axon Enters., Inc. v. Federal Trade Comm'n* is not present here. Plaintiff is not challenging the structure or existence of the SEC. Importantly, the statutory review scheme at issue here allows for meaningful judicial review of Plaintiff's claim, as it provides that Plaintiff must bring his case before an appropriate Court of Appeals to challenge FINRA Rule 3270. *Id.* at 190 ("Review of agency action in a court of appeals can alone 'meaningfully address[]' a party's claims." (citation omitted)). As such, the Court finds this case does not allege a particular harm subject to an exception of the statutory review scheme provided by 15 U.S.C. § 78y(a)(1).

To the extent Plaintiff argues that the Supreme Court's 1958 holding in *Leedom v. Kyne*, 358 U.S. 184 (1958), permits district court review of his challenge, the Court is unpersuaded. (Doc. 23 at 4–5). In *Leedom*, the Supreme Court found a district court had jurisdiction over a challenge to a National Labor Relations Board ("NLRB") decision that

6

the NLRB conceded was directly contrary to a specific prohibition in the National Labor Relations Act. 358 U.S. at 184–88. Subsequently, the Supreme Court has clarified its holding in *Leedom*, providing that district court jurisdiction does not turn on whether a plaintiff alleges that agency action exceeds its statutory authority, but instead depends on whether the statutory review procedure at issue provides opportunity for meaningful and adequate judicial review, such as a right to review before a federal Court of Appeals. *See Bd. of Governors of Fed. Reserve Sys. v. MCorp Fin., Inc*., 502 U.S. 32, 43–44 (1991). Plaintiff's own argument that *Leedom* "reflects a general rule: statutory direct-review procedures will not be read to bar *all* judicial review when an agency exceeds its authority" seemingly understands this, and undeniably, cuts against him. (Doc. 23 at 5 (emphasis added)). The statutory review procedure provided by § 78y(a)(1) does not bar *all* judicial review, but instead merely directs plaintiffs to file before an appropriate Court of Appeals. Thus, the Court finds it cannot exercise jurisdiction over Plaintiff's claim on this basis.

Lastly, to the extent that Plaintiff argues that this Court still retains federal question jurisdiction over his constitutional and ultra vires claims pursuant to 28 U.S.C. § 1331 (Doc. 23 at 5), the Court finds that the judicial review scheme provided by § 78y(a)(1) substitutes district court jurisdiction over such federal questions. Indeed, it is well-settled that "Congress may preclude district court jurisdiction by establishing an alternative statutory scheme for . . . judicial review." *Raymond J. Lucia Cos., Inc*., 2019 WL 3997332, at *2; *Elgin v. Dep't of Treasury*, 567 U.S. 1, 21 (2012) (finding Congress provided for "meaningful review" in similar statutory scheme that authorized the Federal Circuit to consider plaintiffs' constitutional claims against the Department of Treasury). This Court is unaware of, nor does Plaintiff cite, any authority finding that a district court may retain original jurisdiction where Congress has divested that original jurisdiction through a statutory scheme reserving judicial review for appellate courts. *See Axon Enter., Inc*., 598 U.S. at 185 ("We have several times held that the creation of such a review scheme for agency action divests district courts of their ordinary jurisdiction over the covered cases.").

All told, the Court finds that the appropriate forum for a challenge to FINRA Rule

3270 would be in the Ninth Circuit or District Columbia Circuit Court of Appeals pursuant to § 78y(a)(1), and as such, it lacks jurisdiction to consider Plaintiff's suit. Because this Court lacks jurisdiction, Plaintiff's claims must be dismissed, and the Court need not address Defendant's remaining arguments for dismissal.

### IV.     CONCLUSION

Because exclusive jurisdiction over actions of this kind is vested in the circuit courts, this Court lacks jurisdiction over Plaintiff's claims pursuant to 15 U.S.C. § 78y(a)(1). Generally, "[a] district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (internal quotation marks omitted). Here, as no additional facts could cure this defect, Plaintiff will not be given leave to amend. Accordingly,

**IT IS ORDERED** that Defendant United States Securities and Exchange Commission's Motion to Dismiss (Doc. 21) is **granted**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall terminate this action.

Dated this 16th day of May, 2025.

Honorable Steven P. Logan
United States District Judge